[L. A. No. 792.   Department Two. — May 29, 1901.]

GEORGE BANAZ, Respondent, v. EDWIN SMITH, Trustee, etc., et al., Appellants.

VROOMAN ACT — CONSTITUTIONAL LAW — DELEGATION OF AUTHORITY TO CONTRACTOR. — The contractor for a public improvement, under the Vrooman Act, is only the agent or servant of the city in collecting the assessment, and the delegation of authority given to him for that purpose is not the delegation of a municipal function, in violation of section 13 of article XI of the constitution.

ID. — FORMATION OF ASSESSMENT DISTRICT — PROPORTION OF BENEFIT TO BURDEN — EMINENT DOMAIN — ABUSE OF POWER. — Whether the property in an assessment district, formed under the Vrooman Act, will be benefited in proportion to the burden, is for the legislature; and the formation of an assessment district thereunder is not in violation of the constitution, merely because it may result in taking private property for public use, without compensation, by a corrupt abuse of power, which is not shown to exist in the particular case.

ID. — VROOMAN ACT IN FORCE IN LOS ANGELES — FREEHOLDERS' CHARTER — CONSTITUTIONAL AMENDMENT. — The provisions of the freeholders' charter of Los Angeles, adopted in 1889, so far as then conflicting with the Vrooman Act, were annulled thereby; and being void from the beginning, were not reinstated by the amendment to section 6 of article XI of the constitution, adopted in 1896. A constitutional amendment not expressly so providing could not have the effect of enacting laws.

ID. — CONSTRUCTION OF SEWER — NECESSITY OF WORK — MANNER OF ASSESSING COSTS AND EXPENSES — RESOLUTION OF INTENTION. — The resolution of intention to construct a sewer need not declare that the contemplated work is necessary; nor need it describe the manner in which the costs and expenses shall be assessed, which are provided therein to be assessed upon the district described.

ID. — DISCRETION OF STREET SUPERINTENDENT — DELEGATION OF AUTHORITY. — Where there was no delegation of authority to the street superintendent, except what was necessarily involved in his power to determine, in the first instance, whether the contract has been performed, any discretion allowed him, owing to indefiniteness in matters of minute detail in the execution of the work, cannot vitiate the assessment.

ID. — PUBLICATION OF AWARD OF CONTRACT — TIME FOR PRIVILEGE OF OWNERS — LETTING NOT PREMATURE. — The time allowed for the privilege of the owners of three fourths of the frontage, within ten days after the first posting or publication of the notice of award, to elect to do the work, does not require the lapse of one day before

the ten days shall begin to run; and a contract let on the 19th of the month, where the first publication of the notice was on the 8th of the same month, was not prematurely let.

ID. — DIAGRAM OF DISTRICT. — Where the district itself was described in the resolution of intention, and the diagram of the district required by the act was made in time for the assessment, and to enable property owners to suggest corrections, the fact that the diagram was not made and approved before the work was let and performed does not show a violation of the statute.

ID. — DEMAND BY ASSIGNEE OF CONTRACTOR. — An assignee of the contract may demand payment either to himself or on behalf of the contractor; and the taxpayer is not injured by a notice from the owner of the claim to make the payment to the contractor or to any other person.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Julius Lyons, for Appellants.

Lewis C. Preston, for Respondent.

TEMPLE, J. — Action to foreclose lien for construction of a sewer in the city of Los Angeles, under the so-called Vrooman Act, passed March 18, 1885, as amended in 1889, 1891, and 1893.

The second amended complaint was demurred to for insufficient facts. It was overruled, and the appellant answered. Judgment was for plaintiff, and this appeal is from the judgment and from an order denying a new trial.

1. Most, if not all, points urged here arise upon the demurrer. The first is, that the authority given the contractor to collect is in violation of section 13 of article XI of the constitution. That section reads as follows: "The legislature shall not delegate to any special commission, private corporation, company, association, or individual any power to make, control, appropriate, supervise, or in any way interfere with any county, city, town, or municipal improvement, money, property, or effects, whether held in trust or otherwise, or to levy taxes or assessments, or perform any municipal functions whatever."

Upon a mere reading, it is perfectly obvious that there is here no delegation of a municipal function. The contractor acts only as the agent or servant of the city. He has no dis-

cretion, and can create no liability, nor can he impose any duty or exercise any control or authority over any one. He makes no assessment, levies no tax, and performs no municipal function. The municipal officers who enforce the ordinances of the city do not perform municipal functions, and in the collection of the street-assessment the contractor does no more.

This precise point was decided in *Davies* v. *Los Angeles*, 86 Cal. 37.

2. The council proceeded under the provisions of the so-called Vrooman Act, and it is contended that the city charter should have controlled.

The freeholders' charter of Los Angeles was adopted in 1889.

At that time the Vrooman Act was in force, and, as was held in *Thomason* v. *Ashworth*, 73 Cal. 73, was a general law. At that time the constitution authorized the formation of such municipal charters as would be consistent with the laws and constitution of the state. The charter contained, so far as affects this case, a complete substitute for the Vrooman Act, and the provisions of the charter are in many respects inconsistent with the provisions of that act.

In *Yarnell* v. *Los Angeles*, 87 Cal. 603, it was said: "The amendment to section 8 of article XI, under which the Los Angeles charter was framed, provides that certain cities may frame charters for their own governments, consistent with and subject to the constitution and laws of the state. If, therefore, the provisions above stated of section 44 of the charter in question are inconsistent either with the constitution, or any law which is 'general' in the sense in which it is used in the clauses above quoted, then they are invalid and void."

If void from the beginning, the amendment to section 6 of article XI of the constitution in 1896 did not give life to such provisions. That would give the amendment the effect of enacting laws, instead of merely authorizing the legislature to do so, and it would be to enact a law to which no reference was made, and which the people, in adopting the amendment, could not have had in mind. Such is not the ordinary function of a constitutional provision, and such effect will not be given to it, unless it is expressly so provided.

*Byrne* v. *Drain*, 127 Cal. 663, was a case where the charter provisions, when adopted, were perfectly valid and immediately

went into operation. Subsequently, a general law was passed which was inconsistent with some provisions found in the charter. As to that the constitution provided that all such charters shall be subject to and controlled by general laws. It was, in effect, held that the mere fact that the charter provision *was to be subject to* and *controlled* by general laws implied a continued existence, and that when the general law was repealed the charter was in force and uncontrolled by the superior law. Here, the charter provisions being void, there was nothing held under control which could be restored to free operation.

3. The next point is, that the provision for the formation of an assessment district is in violation of section 14 of article I of the state constitution, and of article V of the constitution of the United States, because it may result in taking private property for public use without just compensation. The brief was filed before the case of *Hadley* v. *Dague*, 130 Cal. 207, was decided, and all the questions here raised are there disposed of. The suggestion that a board or court, corruptly abusing its powers, *may* in fact take private property for public use without just compensation does not raise a constitutional question. Whether the property will be benefited in proportion to the burden is for the legislature. "Unless, therefore, it is made to appear, upon the face of the proceedings, or by some competent showing, that there is a gross or substantial variation from this principle, it is the duty of courts, under the rules and authorities cited, to uphold the assessment." (*Hadley* v. *Dague*, 130 Cal. 207. See also *Lent* v. *Tilson*, 72 Cal. 428, and *Falbrook Irr. Dist.* v. *Bradley*, 164 U. S. 176.)

4. It is contended that the resolution does not declare that it is *necessary* to construct the sewer, nor the manner in which the costs and expenses shall be assessed, as it is alleged is required by section 27 of part XI of the Vrooman Act. It is not necessary that the resolution of intention, which is but a notice of contemplated action on the part of the board, shall state that the board finds the contemplated work necessary. The manner in which the assessment is to be made is prescribed by the act itself. The resolution did show that costs and expenses were to be assessed upon the district benefited, and the district was described.

5. The next point is that the specifications were too uncertain, and left much to the discretion of the street superin-

tendent, which the board should have determined for itself. There was no delegation of authority to the street superintendent, except what is necessarily involved in the power on the part of that officer to determine, in the first instance, whether the contract has been performed. What is to be done is specifically described, but the requirements, to some extent, vary according to the nature of the earth in which the sewer is to be constructed. For instance, when the ground is wet, the soft earth is to be removed and gravel filled in; but the specifications do not determine the amount of wet, soft ground to be removed, or the quantity of gravel required to fill the excavation. It is not left to the street superintendent to say how much shall be done in any case. The contractor must do the work as required by his contract, and the street superintendent cannot accept less or require more. The board on appeal must finally determine. As to the indefiniteness of detail, it may be said, that, however minute they may be, some unsettled points might yet be suggested. This matter was considered in the late case of *Haughawout* v. *Hubbard*, 131 Cal. 675. Under the rule there laid down, this assessment cannot be set aside upon this ground.

On the appeal from the order denying a new trial, it is contended, —

1. The contract was prematurely let. The notice of the award was published on the 8th and 9th of November. The contract was entered into on the 19th of November following. The law provides that the notice shall be posted for five days and published in a newspaper for two days. The owners of three fourths of the frontage may, "within ten days after the first posting or publication of said notice," etc., elect to do the work. This law does not require the lapse of one day before the ten days shall begin to run, and, excluding the first day, the time allowed was ample.

2. The diagram of the district benefited, required by subdivision 12 of section 7 of the Vrooman Act, was not made and approved before the work was let and in fact performed. It was made in time for the assessment. The district itself was described in the resolution of intention, and from that time owners of property knew whether they were interested in the proceeding. The diagram showing the amount owned by each person was in time to enable property owners to suggest corrections. The statute does not require it to be made sooner.

3. The demand is objected to. The contract had been assigned, and the assignee made the demand in person, but in his affidavit showing demand he states that he made it on behalf of the contractor. It does not appear that he so stated in his demand, but if he did, it is immaterial. He was the owner of the claim, and if he notified the lot-owner to pay to his agent or to any other person, or that he demanded payment for another, it did not injure the taxpayer. Under such a demand, payment to the contractor would have been sufficient.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.