[S. F. Nos. 4034, 4044. In Bank.—December 14, 1905.]

## CITY AND COUNTY OF SAN FRANCISCO, Respondent, v. OAKLAND WATER COMPANY, Appellant.

## CITY AND COUNTY OF SAN FRANCISCO, Respondent, v. CONTRA COSTA WATER COMPANY, Appellant.

TAXATION—FRANCHISE OF WATER COMPANY—SITUATION.—The franchise of a water company, exercised under section 19 of article XI of the constitution, of using the streets and thoroughfares of a municipality in laying down pipes and conduits therein, and supplying such city and its inhabitants with water, and charging rates therefor, can be assessed for taxation only in the county where it is locally situated.

APPEALS from judgments of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, and C. Irving Wright, for Appellants.

Frank P. Haynes, S. C. Denson, and Bert Schlesinger, for Respondent.

LORIGAN, J.—These appeals from judgments in favor of the plaintiff, accompanied by bills of exceptions, as they involve precisely the same question, will be considered and disposed of together. The actions were brought by the city and county of San Francisco to recover taxes upon franchises assessed against the defendants; the Contra Costa Water Company being assessed for "franchises $750,000," and the Oakland Water Company for "franchises $500,000." The principal place of business of both corporations, established by their articles of incorporation, is, and at all times has been, the city and county of San Francisco, and they have transacted their corporate business and functions there. The actual business of these corporations, from which their revenues are derived, is carried on in the county of Alameda, where they are engaged in supplying water to the city of Oakland and other places in that county. Their waterworks are located there, and their mains, conduits, and other means for distributing water in said city of Oakland are laid in the public streets thereof, and water rates collected from persons therein using the water so distributed. Neither of these corporations has ever owned any reservoirs, mains, conduits, or other means of distributing water within the municipal limits of the city and county of San Francisco, and they have never distributed or sold any water there. These facts appear from the findings.

Various questions are presented for disposal on this appeal which, in the view we take of the matter, do not need any discussion. While the assessments are generally described upon the assessment-roll as "franchises," the assessor of the city and county of San Francisco was authorized to assess against these defendants, under section 3628 of the Political Code, their corporate franchises only; their franchises to be corporations with all the powers and privileges exercised and to be exercised by the corporate bodies. His right to do this proceeded from the fact that the principal place of business of each of these corporations was designated in its articles of incorporation as the city and county of San Francisco.

When we examine the complaint and findings in each of

these cases, it is clearly apparent that this was not the character of franchise that the assessor assessed. The franchise which he did assess was the franchise actually exercised by each of the defendants, under section 19 of article XI of the constitution, of using the streets and thoroughfares of the city of Oakland in Alameda County, in laying down pipes and conduits therein, and supplying such city and its inhabitants with water, and charging rates therefor. We have this day decided, in the case of *Stockton Gas and Electric Co.* v. *County of San Joaquin, ante,* p. 313, [83 Pac. 54], that such a franchise can be assessed only where it is locally situated. Under the authority of that case the assessor of the city and county of San Francisco had no right or authority to assess these defendants on franchises exercised in the city of Oakland. Such assessments were void.

The judgment of the lower court in each case is reversed.

Beatty, C. J., Van Dyke, J., Cooper, J., Angellotti, J., and Shaw, J., concurred.

McFARLAND, J., dissenting.—I dissent, and think that the judgments should be affirmed. My views on the subject are fully expressed in my dissenting opinion in the Stockton case, *ante,* p. 313, [83 Pac. 59], and under those views the franchises involved in these cases were properly assessable at the principal place of business of the corporations, which is the city and county of San Francisco.

Henshaw, J., being disqualified, Justice Cooper, one of the justices of the district court of appeal for the first appellate district, participates herein *pro tempore,* pursuant to section 4 of article VI of the supplement of the constitution.

Rehearing denied.