[L. A. No. 2559. In Bank.—June 5, 1911.]

## POSTAL TELEGRAPH CABLE COMPANY (a Corporation), Respondent, v. COUNTY OF LOS ANGELES, Appellant.

TELEGRAPH COMPANIES—STATE FRANCHISE—TAXATION OF BY STATE.— *Western Union Telegraph Company* v. *County of Los Angeles*, (L. A. No. 2446), *ante*, p. 124, approved and followed.

ID.—TELEGRAPH SYSTEM INSTALLED IN LOS ANGELES IN 1889—SECTION 536 OF CIVIL CODE NOT IMPLIEDLY REPEALED.—There is no statute of this state enacted prior to the construction of plaintiff's telegraph system in the city of Los Angeles in the year 1889 which impliedly repealed or suspended, so far as that city is concerned, the effect of section 536 of the Civil Code, granting to telegraph companies a state franchise to use public roads.

ID.—MUNICIPAL CORPORATION ACT OF 1883 NOT APPLICABLE TO LOS ANGELES.—The provisions of the general Municipal Corporation Act of 1883 relating to the powers of boards of trustees and city councils of towns and cities existing thereunder, in regard to the control and regulation of streets therein, did not have such effect. Such act was never applicable to the city of Los Angeles, because it never organized thereunder.

ID.—EFFECT OF FREEHOLDERS' CHARTER—SECTION OF CIVIL CODE A GENERAL LAW.—No provisions of the freeholders' charter of the city of Los Angeles, as it existed at the time of its approval on January 31, 1889, could impair the effect of section 536 of the Civil Code, which was a general law.

ID.—EFFECT OF STATUTES ENACTED SUBSEQUENT TO INSTALLATION OF TELEGRAPH SYSTEM.—The plaintiff's telegraph system having been installed in the city of Los Angeles during the year 1889, the state franchise thus acquired by it under and by virtue of section 536 of the Civil Code, was not affected by any effect the so-called franchise act of 1893, or any subsequent act may have had on that section.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

CLX Cal.—9

The facts are stated in the opinion of the court.

J. D. Fredericks, District Attorney, and Hartley Shaw, Chief Deputy, for Appellant.

Hunsaker & Britt, and Lloyd & Wood, for Respondent.

ANGELLOTTI, J.—This like the action of *Western Union Tel. Co.* v. *County of Los Angeles,* (L. A. No. 2446), *ante,* p. 124, [116 Pac. 564], is an action to recover taxes paid by plaintiff under protest for the fiscal year ending June 30, 1907, upon an assessment upon its "right to occupy the streets of the city of Los Angeles," the assessment valuation being thirty thousand dollars, and the tax thereon $330. Plaintiff had judgment and defendant appeals from such judgment.

There is no material difference between this case and the Western Union Telegraph Company case just referred to. This plaintiff, a telegraph company organized in the year 1886 under the laws of the state of New York, accepted the terms of the act of Congress of July 24, 1866, [14 Stats. 221], on April 16, 1886, and did not construct its system in the city of Los Angeles until the year 1889, at which time that city had become organized under its freeholders' charter approved by the state legislature January 31, 1889. (Stats. 1889, p. 455.) This difference, however, is not material. There was no express repeal of section 536 of the Civil Code until the year 1905, when that section was repealed and immediately re-enacted with express provision for telephone companies, and we have found no statute enacted prior to the construction of plaintiff's system in the city of Los Angeles that can be held to have impliedly repealed or suspended the effect of that section so far as that city is concerned. Provisions of the general Municipal Corporation Act of 1883 relating to the powers of boards of trustees and city councils of towns and cities existing thereunder in regard to the control and regulation of streets therein, referred to by *amici curiæ,* cannot be given such effect. Howsoever they may be construed, they were never applicable to the city of Los Angeles, for that city was never organized under the general Municipal Corporation Act. Up to the time of the going into effect of its freeholders' charter it existed under a special legislative charter, containing no

such provisions as those in the general Municipal Corporation Act that are so referred to. It is immaterial also in this case what construction be given to certain provisions of the freeholders' charter as they existed at the time of its approval in 1889. However they be construed, they could not impair the effect of section 536 of the Civil Code, which was a general law. (See Const., art. XI, sec. 6; Const., art. XI, sec. 8, as amended in 1887; *Davies* v. *City of Los Angeles,* 86 Cal. 37, [24 Pac. 771]; *Banaz* v. *Smith,* 133 Cal. 102, 104, [65 Pac. 309].) It is to be borne in mind that the "municipal affairs" amendment of section 6 of article XI of the constitution was not adopted until the year 1896. Nor is it necessary in this case to consider the effect on section 536 of the Civil Code of the so-called franchise act of 1893, [Stats. 1893, p. 288], or any subsequent act, as the system of plaintiff was installed in the city of Los Angeles during the year 1889.

In view of the considerations stated above, this case is governed by the case of *Western Union Tel. Co·* v. *County of Los Angeles,* (L. A. No. 2446), *ante,* p. 124, [116 Pac. 564].

The judgment is reversed.

Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.

Mr. Justice Shaw deems himself disqualified to act in this case, by reason of relationship to one of the attorneys of record.