[L. A. No. 2446.   In Bank.—June 5, 1911.]

## WESTERN UNION TELEGRAPH COMPANY (a Corporation), Respondent, v. COUNTY OF LOS ANGELES, Appellant.

TELEGRAPH COMPANY—STATE FRANCHISE—TAXATION OF BY STATE.— *Western Union Telegraph Co.* v. *Hopkins,* (L. A. No. 2445), *ante,* p. 106, affirmed to the effect that, at the time of the assessment in question, the plaintiff had a right in the nature of a franchise in the streets of the city of Los Angeles—viz., the right to the exclusive occupation without compensation of portions thereof used for its poles and wires and underground conduit, derived from and held under section 536 of the Civil Code; that such franchise constituted no part of its federal franchise, and was taxable for state and county purposes in the county of Los Angeles.

ID.—DESCRIPTION OF FRANCHISE IN ASSESSMENT—FEDERAL FRANCHISE EXCLUDED.—A description of property assessed to a telegraph company, as the "Right to occupy the streets of the city of Los Angeles," without other words of description or identification, must be construed as limited to rights in the streets of Los Angeles derived by the telegraph company from the state of California and not covered by its federal franchise. Such description is not so imperfect as to invalidate the assessment.

ID.—PRESUMPTION IN FAVOR OF ASSESSMENT—NON-ASSESSABLE PROPERTY EXCLUDED.—It will not be assumed, in the absence of evidence, that the assessor included in such assessment, which in express terms includes the rights granted by the state, other property which he had no right or power to assess.

ID.—ASSESSMENT PRESUMED VALID.—The presumption is always in favor of the validity of an assessment, and the burden of showing the contrary is on the person claiming to be aggrieved.

ID.—REGULAR PERFORMANCE OF OFFICIAL DUTY—PRESUMPTION APPLIES TO OFFICIAL ACTION IN TAX MATTERS.—Independent of special statutory provisions relative to presumptions in favor of assessments, the general presumption that public officers have regularly performed their duties, and that official duty has been regularly performed, applies to official action in tax matters.

ID.—ASSESSMENT AGAINST OWNER OF DIFFERENT FRANCHISES.—Where the taxpayer has two franchises, one taxable by the state and one not so·taxable, an assessment simply of "franchise," without other words of description or identification, is not invalid for want of a proper description.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

J. D. Fredericks, District Atttorney, and Hartley Shaw, Chief Deputy, for Appellant.

J. P. Wood, City Attorney, and Wm. J. Carr, Assistant City Attorney, *Amici Curiæ,* for City of Pasadena.

Beverly L. Hodghead, and Brown & Wells, for Respondent.

ANGELLOTTI, J.—This is an action by plaintiff to recover five hundred and fifty dollars taxes for the fiscal year ending June 30, 1907, paid under protest.   Judgment was in favor of plaintiff and defendant appeals therefrom.   Except that the taxes were for a different year, the material facts are the same as were the facts in the case of *Western Union Telegraph Co.* v. *Hopkins,* (L. A. 2445), *ante,* p. 106, [116 Pac. 557], this day decided, with the single exception that the description of the property assessed in the case at bar is: "Right to occupy the streets of the city of Los Angeles," without other words of description or identification, the valuation thereof for purposes of assessment being placed at fifty thousand dollars.

By *Western Union Tel. Co.* v. *Hopkins,* (L. A. 2445), *ante,* p. 106, [116 Pac. 557], it is decided that plaintiff had, at the time of this assessment, a right in the nature of a franchise in the streets of the city of Los Angeles, viz.: the right to the exclusive occupation without compensation of portions thereof used for its poles and wires and underground conduit, derived from and held under section 536 of the Civil Code, which constituted no part of its federal franchise, and which was taxable for state and county purposes in the county of Los Angeles.   If the assessment in the case at bar was exclusively of that right, it follows from the views announced in that case that the tax was valid.   The only difficulty in this case arises from the wording of the description in the assessment.   It is admitted that plaintiff has certain rights in regard to the streets of the city of Los Angeles by virtue of its federal franchise acquired under the act of July 24, 1866, and, of course, that franchise cannot be assessed by state, county, or

municipality. It is claimed by plaintiff that its federal franchise is included in this assessment, and if so included that the entire assessment must fall as illegal, because the values of the two rights, federal and state, are so blended together that the unlawful part cannot be separated from the lawful part. If the first of these claims is well founded, the second necessarily follows. (*California* v. *C. P. R. R. Co.*, 127 U. S. 1, 29, 45, [8 Sup. Ct. 1073, 32 L. Ed. 150].) Plaintiff alleged in its complaint that the assessment was upon its federal franchise. By its answer defendant fully denied the allegations in this behalf, denying that the assessment was intended to or did impose any burden or tax on any federal franchise, and alleging that the only franchise or right assessed was that derived by plaintiff from the state of California, under section 536 of the Civil Code. No evidence was introduced by either side on this issue, the case being submitted for decision upon the pleadings and upon a stipulation as to the facts, which stipulation is silent upon this proposition. There were no findings of fact.

We are satisfied that it must here be held that the assessment was limited to rights in the streets of Los Angeles derived by plaintiff from the state of California and not covered by the federal franchise, and that the description was not so imperfect as to invalidate the assessment. Under the views announced in *Western Union Tel. Co.* v. *Hopkins*, (L. A. 2445), *ante,* p. 106, [116 Pac. 557], the pleadings and stipulated facts in this case show that plaintiff owned certain rights of occupation in regard to the streets of Los Angeles that were derived from the state of California and were not included in the federal franchise. These constituted taxable property which it was the duty of the assessor to assess. (Pol. Code, sec. 3628.) It is not to be assumed in the absence of evidence that the assessor has included in this assessment, which in express terms certainly includes plaintiff's rights granted by the state, other property which he had no right or power to assess. The wording of the description does not necessarily imply the inclusion of any such property, but is entirely consistent with the idea that the thing assessed was the right of exclusive occupation without compensation of portions of the public streets of Los Angeles, granted by the state and owned by plaintiff. It cannot be doubted that the presumption is always

in favor of the validity of an assessment, and that the burden of showing the contrary is on the person claiming to be aggrieved. Independent of special statutory provisions relative to presumptions in favor of assessments, the general presumption that public officers have regularly performed their duties and that official duty has been regularly performed (Code Civ. Proc., subd. 15, sec. 1963), applies to official action in tax matters. (1 Cooley on Taxation, 3d ed., p. 447, and note.) "The presumption in all proceedings relating to taxes is in favor of regularity." (*Chamberlain* v. *City of St. Ignace,* 92 Mich. 335, [52 N. W. 635].) In *People* v. *Central Pacific R. R. Co.,* 105 Cal. 576, [38 Pac. 955], the assessment was upon the "franchise" of the defendant. It was claimed by the defendant in that case that the assessment was void because it included its franchise received from the United States. The court said: "We have seen that the state franchise is property susceptible of valuation, and, as the state board of equalization is directed to assess the franchise of the appellant, it must be assumed, in the absence of any other evidence than the assessment itself, that the board has acted upon property within its jurisdiction, rather than upon property which it has no power to include in the assessment." In that case there was a finding of the trial court that the federal franchise was not included, and it was said that section 3670 of the Political Code, a section not materially differing in its provisions from those of section 3789 of the Political Code as to the effect of the assessment-book or delinquent roll as *prima facie* evidence, would sufficiently sustain this finding, even if there were no other evidence. These views so expressed are assailed as *dicta,* because in that case there was other evidence which the court considered and held sufficient to sustain the finding. If we assume them to have been *dicta,* we nevertheless are of the opinion that they are correct. There is nothing in *California* v. *Central Pacific R. R. Co.,* 127 U. S. 1, [8 Sup. Ct. 1073, 32 L. Ed. 150], opposed to this conclusion. In that case, according to the opinion of the United States supreme court, there was a finding of the trial court that the assessment made by the state board of equalization included the full value of *all* franchises and corporate powers held and exercised by the defendant, which necessarily included its federal franchise. The court assumed this finding to be correct, and proceeding

upon that assumption considered the questions whether the defendant held any federal franchise, and whether such a federal franchise was assessable by the state. In a later case, *Central Pacific R. R. Co.* v. *California,* 162 U. S. 91, [16 Sup. Ct. 766, 40 L. Ed. 903], being the same case reported in 105 Cal. 576, [38 Pac. 905], which was taken by writ of error to the United States supreme court, the same court sustained a similar assessment of "franchise," upon the finding by the trial court that the assessment was only upon the state franchise and did not include the federal franchise. The two decisions in this case, that of the supreme court of the United States and that of the supreme court of California, are certainly authority upon the proposition that where the taxpayer has two franchises, one taxable by the state and one not so taxable, an assessment simply of "franchise" without other words of description or identification, is not invalid for want of a proper description. (See, also, *Stockton etc. Co.* v. *San Joaquin Co.,* 148 Cal. 313, 5 L. R. A. (N. S.) 174, [83 Pac. 54], and *San Francisco* v. *Oakland Water Co.,* 148 Cal. 331, [83 Pac. 61].) The opinion in the case of *San Francisco* v. *Western Union Tel. Co.,* 96 Cal. 140, 17 L. R. A. 301, [31 Pac. 10], is not in point for the reason that it was there assumed, in accord with an undisputed finding or stipulation of the parties, that the company "has derived no franchise" from the state of California, and the court considered only the question of the right to assess the federal franchise. The question presented is very different from that of a description of land in an assessment, of such a nature that it could apply to either of two parcels equally within the jurisdiction of the assessor, and the authorities cited on that proposition are not applicable in this controversy. In the absence of any showing to the contrary the presumption that the assessing authorities in assessing plaintiff's franchise have included only property within their jurisdiction obtains, and sufficiently identifies the particular franchise assessed.

From what we have said it follows that the assessment must be held valid.

The judgment is reversed.

Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.

Mr. Justice Shaw deems himself disqualified to act in this case, by reason of relationship to one of the attorneys of record.