[L. A. No. 2972.   Department One.—November 14, 1912.]

POSTAL TELEGRAPH–CABLE COMPANY (a Corporation), Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Taxation—Description of Property—State Franchise of Telegraph Company.—An assessment upon property described as the "franchise of the Postal Telegraph-Cable Company in the city of Los Angeles," is to be deemed to refer solely to its state franchise in the streets of that city, and not to its federal nontaxable franchise under the act of Congress of July 24, 1866, and is a sufficient description of the state franchise.

Id.—Federal Franchise of Telegraph Company—Right of Occupancy of Public Highways—Assessability of State Franchise—Situs of Franchise.—The franchise granted by the act of Congress of July 24, 1866, does not give a telegraph company an unencumbered right to occupy the highways of the state by its poles and wires. Such right is subject to charges which may be imposed by the state for such occupancy and use of its public ways; and if the state grants the right to such company to use such part of the highways without compensation, such right is a privilege which is nothing more nor less than a franchise in such highways, having a local *situs* and assessable in each city or county in which such highways are situated.

Id.—Offer by State in Section 536 of Civil Code—Acceptance by Telegraph Company.—Section 536 of the Civil Code constitutes a continuing offer by the state to all telegraph companies of the right to use without compensation such portions of the streets of any city as may be necessary or convenient for the operation of their lines, and when such company accepts this offer by placing and maintaining its poles and wires in, along, and over said streets, it thereby acquires from the state a right in the part of the streets so exclu-

sively occupied, which right is a taxable franchise, and distinct and separate from the federal franchise.

ID.—PLEADING—AVERMENT SHOWING ACCEPTANCE OF STATE FRANCHISE— ERRONEOUS LEGAL CONCLUSIONS.—An averment in a complaint by a telegraph company of the physical fact that it is and has been maintaining and operating its lines of telegraph through and over the public highways of a municipality establishes, as a matter of law and of fact, the proposition that it has accepted and owns the state franchise for that purpose which was offered it by section 536 of the Civil Code. Additional averments that it was so doing solely by virtue of its federal franchise and that it has no franchise from the state, are merely erroneous conclusions of law.

ID.—FINDING THAT ALLEGATIONS OF FACT ARE TRUE—LEGAL CONCLUSIONS NOT FOUND.—A finding that the allegations of fact in a complaint are true, is not a finding that any conclusions of law therein are true.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

John W. Shenk, City Attorney of Los Angeles, E. R. Young, Assistant City Attorney, and Myron Westover, Deputy City Attorney, for Appellant.

Hunsaker & Britt, for Respondent.

SHAW, J.—The object of this action was to recover the sum of $625 paid by plaintiff, under duress, in discharge of city taxes of 1907, alleged to have been illegally assessed against the defendant upon certain of its property which, it is claimed, was not subject to taxation by said city. The validity of the plaintiff's claim depends on the question whether or not the property was thus subject to taxation. The defendant appeals upon the judgment-roll alone.

The assessment shows that it was made upon property of the defendant described as "franchise of the Postal Telegraph-Cable Company in the city of Los Angeles." Respondent claims that it has no franchise within the city of Los Angeles, except a federal franchise under the act of Congress of July 24, 1866, to operate and maintain telegraph lines over the military and post roads of the United States.

It is conceded by the city that the streets of Los Angeles are military and post roads of the United States, that the plaintiff has a franchise from the United States under said act to operate telegraph lines thereon, and that said franchise is not taxable for local, state, or municipal purposes. The position of the counsel for the city is that the plaintiff, in addition to its federal franchise, owns and is in the use of a franchise from the state of California to operate its telegraph lines over said streets, and that it is this state franchise, and not the federal franchise, which is described in said assessment.

If, under the facts as found by the court, plaintiff owns a state franchise in said streets, then, under the decisions of this court in *Western U. T. Co.* v. *Los Angeles Co.,* 160 Cal. 124, [116 Pac. 564], and *Postal T. C. Co.* v. *Los Angeles Co.,* 160 Cal. 129, [116 Pac. 566], the description given in said assessment is to be deemed to refer to that franchise alone and not to the federal nontaxable franchise, and it is a sufficient description of the state franchise. The descriptions held sufficient in those cases were in the words: ''right to occupy the streets of the city of Los Angeles.'' It was held that it would not be assumed, from the face of the description, that the assessor thereby intended to describe the nontaxable federal franchise, but, on the contrary, that he intended to refer only to the state franchise which he had the power to assess. A ''right to occupy the streets'' is a franchise. There is no material difference between the language of the descriptions in those cases and that in the case at bar, and the same reasoning applies.

The finding is that ''the allegations *of fact* contained in plaintiff's complaint are true.'' It is contended that these allegations of the complaint show that the plaintiff did not own any state franchise, but was operating its lines in the city solely under its federal franchise. This claim is not supported by the allegations of fact referred to. After describing the federal franchise, the complaint alleges that ''under and by virtue of such federal franchise, and not otherwise, plaintiff has been for many years last past, was on the first Monday of March, 1907, and still is, constructing and maintaining and operating lines of telegraph through and over the public roads and highways of the city of Los

Angeles," that all said lines in said city are maintained and operated only through and over public highways which have been declared post roads by act of Congress, and that "plaintiff has not now, and never had, any franchise of any kind or description for any purpose whatever from the state of California," or from any political or municipal incorporation thereof. The controlling fact here averred is that the plaintiff is, and was at the time of the assessment, maintaining and operating its telegraph lines through and over the streets of Los Angeles. It is now the settled law of this state that the franchise granted by the act of Congress aforesaid does not give the Telegraph Company an unencumbered right to occupy the highways of a state by its poles and wires, but that the right is subject to charges which may be imposed by the state for such occupancy and use of its public ways, and that if the state grants the right to such company to use such part of the highways without compensation, such right is a privilege which is nothing more nor less than a franchise in such highways, a franchise having a local *situs* and assessable in each city or county in which such highways are situated. (*Western U. T. Co.* v. *Hopkins,* 160 Cal. 106, [116 Pac. 557]; *Western U. T. Co.* v. *Los Angeles Co.,* 160 Cal. 124, [116 Pac. 564]; *Postal T. Co.* v. *Los Angeles,* 160 Cal. 129, [116 Pac. 566].)

It is also settled by these cases that section 536 of the Civil Code constitutes a continuing offer by the state to all telegraph companies of the right to use without compensation such portions of the streets of any city as may be necessary or convenient for the operation of its lines, that when such company accepts this offer by placing and maintaining its poles and wires in, along, and over said streets, it thereby acquires from the state a right in the parts of the streets so occupied, which right is a taxable franchise, and distinct and separate from the federal franchise. The parts of the streets so taken are in the exclusive occupancy of the company. The state and the public are excluded therefrom and cease to use such portions for ordinary highway purposes. The company which erects its poles and wires in the streets of a city in this manner, by permission of the state so given, cannot lawfully claim or maintain that it does this solely under and by virtue of the federal franchise, or that it has

no franchise from the state. The statement by the plaintiff of the physical fact that it is and has been maintaining and operating its lines of telegraph through and over the public highways of the city of Los Angeles establishes, as a matter of law and of fact, the proposition that it has accepted and owns the state franchise for that purpose which was offered to it by section 536. The state cannot deny that this right is vested in the company, nor can the company dispute it while admitting and averring that it is using the streets as a place for its poles and wires. The additional averments of the complaint that the plaintiff does this solely by virtue of the federal franchise and that it has no franchise from the state, are nothing more than conclusions, and in view of the other facts stated they are mere erroneous conclusions of law. The finding that the allegations *of fact* in the complaint are true, is not a finding that any conclusions of law therein are true, much less that these unfounded conclusions are true. It follows that the tax was lawfully assessed upon property lawfully taxable and that plaintiff had no right to demand reimbursement.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.