JOHN BUCHER ET AL., PLAINTIFFS AND RESPONDENTS, *v.* POWELL COUNTY ET AL., DEFENDANTS AND APPELLANTS.

ROBERT JOHNSON, PLAINTIFF AND RESPONDENT, *v.* ROSEBUD COUNTY ET AL., DEFENDANTS AND APPELLANTS.

Nos. 14150, 14130.
Submitted Oct. 12, 1978.
Decided Jan. 19, 1979.
589 P.2d 660.

R. Bruce McGinnis argued, Dept. of Revenue, Helena, John S. Forsythe, County Atty., Forsyth, for defendants and appellants.

Loble, Pauly, Harlen, Picotte & Norris, Lester H. Noble, II argued, Helena, for plaintiffs and respondents.

MR. JUSTICE SHEA delivered the opinion of the Court.

The State Department of Revenue appeals from a judgment of the Powell County District Court declaring the sprinkler systems of the rancher-taxpayers were exempt from personal property taxes by virtue of section 84-206, R.C.M.1947. Based upon constitutional considerations not discussed or considered by either party, nor presented to the District Court, we determine that the exemption must fail because at the time section 84-206 was passed, the legislature did not have the constitutional authority to allow such an exemption. The statute was never validated in this regard.

A summary of the proceedings in District Court follows.

Plaintiff-taxpayers are farmers or ranchers living in Powell, Madison or Deer Lodge counties. A controversy arose between these taxpayers and the county assessors and the State Department of Revenue, with regard to the taxability of an individual's ranch irrigation system. The county assessors had not adopted a uniform taxing policy; some assessors were taxing individual farm sprinkler systems, some were not.

In 1975, personal property taxes were assessed against the sprinkler systems utilized by plaintiffs in their farm and ranch operations. All of the plaintiffs, with the exception of three, paid their 1975 property taxes under protest and then instituted this action in District Court to recover the taxes paid. The three taxpayers who did not pay their taxes under protest, as required by section 84-4502(1), R.C.M.1947, merely paid their taxes and joined in this lawsuit.

Plaintiffs named the assessors of Powell, Deer Lodge and Madison counties and the Department of Revenue, as defendants. All parties stipulated that the actions could be consolidated and tried in Powell County and that counsel for the Department of Revenue would assume the defense for all named defendants.

At the conclusion of pretrial discovery, and after submission of

the cause to the District Court, the court concluded that plaintiffs were entitled to an exemption under section 84-206, and therefore enjoined defendants from assessing or attempting to collect any future taxes from plaintiffs. In addition to the injunction, the District Court granted an alternative petition for declaratory judgment, whereby it concluded that under section 84-206, an irrigation sprinkler system was exempt from personal property taxation. Therefore, the District Court ordered a refund of all 1975 taxes paid by plaintiffs on their sprinkler systems. It is from these rulings that the Department of Revenue appeals.

The statute under which the exemptions were granted provides as follows:

*"Irrigation and drainage facilities taxable.* All irrigation and drainage facilities including bonds, rights of way, ditches, flumes, pipelines, dams, water rights, reservoirs and other property of like character *shall be taxed as like facilities of the federal and state government;* in cases where property taxes apply, and where an increase in land value results, such facilities shall be taxed as such land is improved, and such land shall be classified for tax purposes as the tax classification law provides." (Emphasis added.) Section 84-206.

In arguing for opposite results, both parties rely on the traditional method of interpreting statutes. Each argues that the statute is clear on its face and needs no interpretation. In the same breath however, each party sets forth the rules of construction that favor their respective positions in the event this Court finds the statute to be ambiguous. We cannot determine from the face of the statute that it grants an exemption such as was allowed in this case. It is undoubtedly ambiguous.

We determine, however, that at the time section 84-206 was passed, the Legislature could not constitutionally pass a statute to be interpreted in the manner urged by the taxpayers. Assuming arguendo, that the State Legislature had planned to create an exemption for these taxpayers, such a statute would have been a nullity from the outset.

At the time section 84-206 was enacted (1965), there was in effect Mont.Const. Art. XII, § 2, which provided that only the property specifically mentioned therein could be the subject of an exemption:

"The property of the United States, the state, counties, cities, towns, school districts, municipal corporations and public libraries *shall be exempt from taxation*, and such other property as may be used exclusively for the agricultural and horticultural societies, for educational purposes, places for actual religious worship, hospitals and places of burial not used or held for private or corporate profit, institutions of purely public charity and evidences of debt secured by mortgages of record upon real or personal property in the state of Montana, *may be exempt from taxation.*" (Emphasis added.)

In *Cruse v. Fischl* (1918), 55 Mont. 258, 263, 175 P. 878, 880, we construed this provision to mean that property not mentioned in Mont.Const. Art. XII, § 2, could not be the subject of a Legislative exemption:

"While the language is permissive in form, it is prohibitory in effect. The Legislature may extend the exemption to the property enumerated, but it cannot go further or include any other."

It is clear the taxpayers property could not be exempt under either the mandatory exemption clause or the permissive exemption clause of Mont.Const. Art. XII, § 2. The claimed exemption does not fall within either category. Accordingly, section 84-206, could not constitutionally grant an exemption to the taxpayers here.

It is true that the constitutionality of section 84-206 has never been challenged in court and that if the statute were reenacted after the effective date of the new constitution, it would be constitutional.

Under the new constitution, Art. XIII, § 5, the legislature was given broad discretion to exempt property from taxation, and certain classes of property which may be exempt by legislative action are set forth in this section. Subsection (c) specifically provides that

the Legislature may exempt, in addition to those classes of property specifically enumerated, "any other classes of property". Furthermore, a transition schedule in the new constitution under Mont. Const. Art. VII, § 4, provides that all statutes in existence under the former constitution "remain in force until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution."

Under these provisions it could be argued, of course, that subsequent events after the passage of section 84-206, namely, the passage of the new constitution and the failure of the legislature to alter or amend section 84-206 after the effective date of the new constitution, had the legal effect of validating section 84-206 insofar as it created the exemption urged by the taxpayers here. This however, ignores the effect of the passage of a statute which is unconstitutional from its inception because the Legislature was without authority to give legal effect to the statute. Assuming the Legislature had granted such an exemption it would have been a nullity from the beginning. See, *State ex rel. Woodahl v. District Court* (1973), 162 Mont. 283, 289-291, 511 P.2d 318 and cases cited therein.

As stated in 16 C.J.S. *Constitutional Law* § 45, page 141:

". . . an act of a legislature not authorized by the constitution at the time of its passage is absolutely void, and, if not reenacted, is not validated by a subsequent amendment to the constitution or by the adoption of a new constitution which merely permits the passage of such an act; . . ."

This Court followed this rule in *State ex rel. Woodahl v. District Court*, supra, wherein we held that the new constitution did not validate an amendment to a gambling statute which had been previously declared unconstitutional under the old constitution. See also, *Fellows v. Shultz* (1970), 81 N.M. 496, 469 P.2d 141, 146; *Matthews v. Quinton* (Alaska 1961), 362 P.2d 932; *Banaz v. Smith* (1901), 133 Cal. 102, 65 P. 309, 310.

Here the Legislature did not reenact section 84-206 after the passage of the new constitution. Assuming therefore, that section

84-206 was an attempt to create the exemption urged by the tax-payers, it continues to be a void act because the Legislature has not reenacted the statute after the effective date of the new constitution.

The judgment of the District Court is, accordingly, reversed. The court is instructed to enter an order disallowing the claimed exemptions, and to take any necessary further action in a manner consistent with this opinion.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.

MR. JUSTICE HARRISON, dissenting:

I dissent. We here decide a case on a basis not raised on the appeal. The trial court should have had the benefit of the authority developed by this opinion, and in my opinion the cause should have been remanded to the trial court for further hearings.