

# The Attorney General of Texas

August 7, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.        Opinion No.  MW-40
Executive Director
Employees Retirement System of Texas   Re:  Credit of legislative service
P. O. Box 12337, Capitol Station            for judicial retirement.
Austin, Texas 78711

Dear Mr. Murphy:

You have requested our opinion regarding the crediting of legislative service for judicial retirement. Specifically, you ask whether section 2B of article 6228b, V.T.C.S., is constitutional. That statute provides:

> 2B. The time served in the Legislature of the State of Texas by any judge coming within the purview of this statute shall be credited to the length of judicial service.

In Attorney General Opinion M-830 (1971), this office, relying on the Supreme Court's decision in Farrar v. Board of Trustees of Employees Retirement System of Texas, 243 S.W.2d 688 (Tex. 1951), stated:

> [t]he Legislature may not constitutionally authorize benefits under the Judicial Retirement System to be based in part on services rendered as a member of another retirement system. . . .

In light of this opinion, we believe that, at least in 1971, section 2B of article 6228b was unconstitutional.

In 1975, however, the voters approved article XVI, section 67, of the Texas Constitution, which, inter alia, authorized the legislature to "enact general laws establishing systems and programs of retirement. . . ." The subsection relating to the Judicial Retirement System now provides, in pertinent part:

> (d) Notwithstanding any other provision of this section, the system of retirement, disability, and survivors' benefits heretofore established in the constitution or by law for justices, judges, and

> commissioners of the appellate courts and judges of the district and
> criminal district courts is continued in effect....

Attorney General Opinion H–1073 (1977) held that the ratification of article XVI, section 67 was sufficient to remove doubt about the constitutionality of a statute which permitted the transfer of retirement credit from the County and District Retirement System to the Judicial Retirement System.   The statute under consideration there, however, section 1.08(b) of article 1926a, V.T.C.S., had been originally enacted in 1977, subsequent to the ratification of article XVI, section 67.   By contrast, the statute at issue here, section 2B of article 6228b, was enacted in 1969, and has not been amended.

It is well established that a statute which is

> forbidden by the Constitution at the time of its passage is
> absolutely null and void, and is not validated by a subsequent
> amendment to the Constitution authorizing it to pass such an act.

State ex rel. Rogers v. Swanson, 219 N.W.2d 726, 729 (Neb. 1974).   See also Grayson-Robinson Stores, Inc. v. Oneida, Ltd., 75 S.E.2d 161, 163 (Ga. 1953), cert. denied, 346 U.S. 823 (1953); State ex rel. Stevenson v. Tufly, 22 P. 1054 (Nev. 1890); Dullam v. Wilson, 19 N.W. 112 (Mich. 1884).   To hold that a constitutional amendment is curative of an unconstitutional statute

> would give the amendment the effect of enacting laws instead of
> merely authorizing the legislature to do so, and it would be to
> enact a law to which no reference was made, and which the people
> in adopting the amendment could not have had in mind.

Bonaz v. Smith, 65 P. 309, 310 (Cal. 1901).   Unless the amendment itself specifically validates a previously unconstitutional statute, as in Hutchinson v. Patching, 126 S.W. 1107 (Tex. 1910), the statute remains void and may be made effective only by reenactment. Grayson-Robinson Stores, supra, at 164.   We conclude, therefore, that section 2B of article 6228b is presently unconstitutional.   Accordingly, legislative service may not be credited for purposes of calculating judicial retirement eligibility or benefits.

## SUMMARY

> Section 2B of article 6228b, V.T.C.S., which authorized the
> crediting of legislative service for purposes of calculating judicial
> retirement benefits, remains unconstitutional and has not been
> revived by the ratification of article XVI, section 67 of the Texas
> Constitution.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
Harry Green
William G Reid
Bruce Youngblood