[No. 7,697.—In Bank.]

### SAN JOSE GAS COMPANY *v.* W. A. JANUARY.

ASSESSMENT.—If an assessor errs in his judgment in determining the value of property, the remedy is by application to the Board of Equalization, and courts will not revise the judgments of assessors upon such questions.

ID.—TAX.—If any part of tax complained of be legal, that part must be paid before the party will be heard to complain of an illegal portion.

ID.—ID.—FRANCHISE.—Franchises are property, and are to be taxed in proportion to their value.

APPEAL from an order and judgment, in the Superior Court of the County of Santa Clara. BELDEN, J.

*McKisick & Rankin,* and *C. W. Quilty,* for Appellant.

*J. H. Campbell,* District Attorney, for Respondent.

MYRICK, J.:

The appeal in this case was taken from an order dissolving a temporary injunction, and from a judgment dismissing plaintiff's complaint, the demurrer of defendant to plaintiff's complaint having been sustained, and judgment rendered upon plaintiff declining to answer. The case is, therefore, to be considered as the same is presented by plaintiff in its complaint, which, in brief, is this:

Plaintiff is, and was on the 10th of March, 1880, a corporation engaged in the manufacture and selling of gas to the city and inhabitants of San José, and to the town of Santa Clara, and adjacent places in Santa Clara County. Its capital stock was $600,000, divided into 6,000 shares, which were owned by stockholders, and not by the corporation. The corporation owned taxable property in Santa Clara County; viz., real es-

tate and improvements, personal property, money, street mains, franchise. In due time, the corporation filed with the assessor a statement of all property, including the street mains and franchise. The complaint alleges that the full cash value of the street mains, that is to say, the iron pipes in the ground, was $15,000 and no more, and that the assessor assessed the street mains at $40,860; that in making the assessment he added to the full cash value of the street mains the cost, estimated by himself, of digging the trenches, laying the mains, pipes, etc., and making the connections, and thus made up an aggregate value of $40,860. The complaint also alleges "the full cash value of the plaintiff's franchise to be a corporation" to be $100 and no more; that the assessor assessed the franchise of plaintiff at $130,000, in making which valuation he estimated the combined aggregate market value of the shares of the capital stock of the corporation, held and owned by the shareholders, at $240,000, and from that aggregate deducted the combined aggregate value of all the taxable property of the corporation, including real estate and improvements thereon, personal property, money, and street mains, and found the result $130,000, and assessed the franchise at that sum. The plaintiff made application to the board of equalization of the county, claiming a reduction of the assessment on its street mains from $40,860 to $15,000, and on its franchise from $130,000 to $100. The board examined the application, and examined on oath the officers of the plaintiff and the assessor. From such examination it appeared to the board that the valuations placed upon said street mains and franchise were made in the manner hereinbefore stated, and not otherwise; and the board being of opinion that the street mains and franchise had been correctly assessed, rejected the application, and refused to reduce either of the valuations. The tax on the street mains at the valuation of $40,860 is $612.90; at a valuation of $15,000, would be $225; on the franchise at $130,000, is $1,950; at $100, would be $1.50; and plaintiff tendered payment of $225 and $1.50, receipt of which was refused. Plaintiff prayed for an injunction restraining defendant from proceeding to enforce the collection of the taxes upon the valuation as fixed by the assessor.

1. As to the valuation of the mains:

The duty of making the valuation was cast upon the assessor. The method of arriving at the valuation, the process by which his mind reached the conclusion (in case where, as here, it is not pretended that he acted fraudulently or dishonestly), is matter committed to his determination. In fixing a valuation upon the mains, it was entirely competent for him to take into consideration the cost, as estimated by himself, of digging the trenches, laying the pipes, and making the connections. It was competent for him to determine that mains laid in the ground were of more value, as so laid, for the purposes for which they were laid, than would be the pipes in the warehouse of the dealer, or than would be the crude iron at the foundry. If he erred in his judgment, the remedy was by application to the board of equalization, and the courts will not revise the judgments of these officers upon such questions.

This disposes of the case, because the tax upon the entire valuation of the mains was not paid nor offered to be paid. If any part of the tax complained of be legal, that part must be paid before a party will be heard to complain of an illegal portion.

2. The appellant argues, that under § 19, art. xi, of the Constitution, a franchise for using public streets, and laying pipes for supplying a city with gas and water, has no value. A sufficient answer to that is, the appellant admits (which it could not deny) that the right of laying down and maintaining pipes in the streets of a city, by means of which gas or water is to be conveyed, is a franchise; and by § 1, art. xiii, of the Constitution, franchises are declared to be property for the purposes of taxation. The method of assessment, and by whom, was to be and was provided for by law. Therefore it does not rest with the plaintiff or with the courts to determine that its franchise had no value. In a pecuniary sense, the value of franchises may be as various as the objects for which they exist, and the methods by which they are employed, and may change with every moment of time; but that franchises are property, and are to be taxed in some method in proportion to value, is a part of the paramount law of this State.

Judgment and order affirmed.

Morrison, C. J., Sharpstein, J., Ross, J., Thornton, J., and McKee, J., concurred.

McKinstry, J., concurring:

I concur in the judgment upon the ground first stated by Mr. Justice Myrick.