[S. F. No. 16447. In Bank.—April 2, 1941.]

STATE OF CALIFORNIA (Acting By and Through Its Department of Public Works), Respondent, v. MARIN MUNICIPAL WATER DISTRICT, Appellant.

Duke & Cowen, Robert D. Duke and Lawrence A. Cowen for Appellant.

John J. O'Toole, City Attorney (San Francisco), Dion R. Holm, Deputy City Attorney, T. P. Wittschen, L. W. Irving, Hankins & Hankins, Fred M. Bottorff, James H. Howard and Charles C. Cooper, Jr., as *Amici Curiae,* on behalf of Appellant.

C. C. Carleton, Chief Attorney, Frank B. Durkee, Robert E. Reed and C. R. Montgomery for Respondent.

TRAYNOR, J.—In 1909 the Marin County Water and Power Company, a private corporation, acquired from the Board of Supervisors of Marin County the right to place a twelve-inch water main along the south side of Bolinas Street between Madrone and Grove Streets in Marin County. In 1920 the Marin Municipal Water District, organized under the Municipal Water District Act (Stats. 1911, p. 1290; Deering's Gen. Laws, Act No. 5243), acquired from the Power Company full title to the water main which it thereafter maintained and operated. In 1936, when the California State Highway was under construction northward from the Golden Gate Bridge, the construction plans called for incorporating Bolinas Street as part of the highway, and the engineers found that a relocation of the water main would be necessary. Accordingly, the Department of Public

Works of the State of California, acting pursuant to section 680 of the Streets and Highways Code, on May 22, 1936, served upon the Water District a written demand that it relocate its water main. When the Water District failed to comply, the Department of Public Works proceeded to move the water main and relocate it in a different position on the same highway. The state then instituted this action to recover from the Water District the cost of material, labor, and equipment required for the removal and relocation of the water main.

The trial court awarded plaintiff a judgment for $3,618.14. Defendant has appealed, contending that section 680 is not applicable in the present situation, and that it violates the due process and impairment of contracts provisions of the state and federal Constitutions.

Section 680 of the Streets and Highways Code, upon which plaintiff's action is based, provided in 1935, as follows:

"Whenever a franchise shall have been granted by any county or city in any public highway which has been or is subsequently constituted a State highway, the department may enforce any obligations of the grantee or holder of such franchise in respect to the repair of the highway. The department may require any person who has placed and maintained any pole, pole line, pipe, pipe line, conduit, street railroad tracks, or other structures or facilities upon any State highway, whether under such or any franchise, to move the same at his own cost and expense to such different location in the highway as is specified in a written demand of the department, whenever necessary to insure the safety of the traveling public or to permit of the improvement of the highway; provided, that no such change of location shall be required for a temporary purpose. The department shall specify in the demand a reasonable time within which the work of relocation must be commenced and the grantee or owner must commence such relocation within the time specified in said demand and thereafter diligently prosecute the same to completion.

"The department may likewise serve such a demand on the owner of any encroachment to require its removal entirely from the right of way, where the owner does not have an existing franchise right to place and maintain the same therein.

"In case the owner fails to comply with any such demand, the encroachments specified in the demand become subject to the provisions of Article 3 of this chapter."

There is ample evidence to support the finding of the trial court that the main in its original location interfered with the construction of the state highway and that its removal and relocation were necessary to permit the construction and improvement of the highway and insure the safety of the traveling public. Defendant points out, however, that section 680 applies only to holders of a franchise, and defendant contends that its right to maintain water mains along Bolinas Street is not a franchise.

Its right is derived from several sources. First, it acquired all of the assets and property of its predecessor in interest, the Marin County Water and Power Company, but since the Power Company possessed no more than a franchise from the Board of Supervisors of the county, defendant could acquire no right greater than a franchise from this source.

Secondly, the legislature in 1911 adopted an act (Stats. 1911, p. 852; Deering's Gen. Laws, Act No. 5194), section one of which provides in part as follows:

"That there is granted to every municipal corporation of the State of California, the right to construct, operate and maintain water . . . pipes, mains or conduits . . . along or upon any road, street, . . . or highway, or across any railway . . . , in such manner as to afford security for life and property. . . . " In 1923 another statute was enacted granting similar privileges to municipal corporations to construct facilities within highways. (Stats. 1923, p. 147; Deering's Gen. Laws, Act No. 5193.)

Defendant must be considered a municipal corporation within the meaning of these enactments. Its functions are substantially the same as those of water districts operated by cities or counties. It is a corporate body organized to supply water to a defined area including both incorporated and unincorporated territory, and it has the power of taxation. It is reasonable to construe these statutes as granting a right of way in state highways to public water corporations of this type as well as to those operated by cities and counties. (See *Morrison* v. *Smith Bros.*, 211 Cal. 36 [293 Pac. 53];

*Henshaw* v. *Foster,* 176 Cal. 507 [169 Pac. 82] ; *In re Orosi Public Utility Dist.,* 196 Cal. 43 [235 Pac. 1004].)

Finally, the act under which defendant was organized (Stats. 1911, p. 1290; Deering's Gen. Laws, Act No. 5243), provides:

"The board of directors shall have power to construct works across any stream of water, watercourse, street, avenue, highway, railway, canal, ditch, or flume which the route of said works may intersect or cross; provided, such works are constructed in such manner as to afford security for life and property, and said board of directors shall restore the crossings and intersections to their former state as near as may be, or in a manner not to have impaired unnecessarily their usefulness. Every company whose right of way shall be intersected or crossed by said works shall unite with said board of directors in forming said intersections and crossings and grant the rights therefor. The right of way is hereby given, dedicated and set apart to locate, construct and maintain said works over and through any of the lands which are now or may be the property of this state, and to have the same rights and privileges appertaining thereto as have been or may be granted to municipalities within the state."

The first part of this provision confers upon defendant only a right to cross public highways. The last part confers a right of way over and through state lands. Since this right is no greater than that already obtained by defendant under the acts of 1911 and 1923, it is unnecessary to determine whether the state lands over which a right of way is given include state highways.

The right obtained by defendant from these sources is a right conferred by the legislature to construct and operate pipe lines along the public highways of the state. Such a grant by the state to a public utility of the right to use the public streets and highways for the maintenance of equipment has always been considered a franchise by the courts of this state. The right granted to municipal corporations by the statute of 1923 to use the public highways was held a franchise in *Los Angeles* v. *South Gate,* 108 Cal. App. 398 [291 Pac. 654]. The right granted to public utilities by article XI, section 19 of the California Constitution to use city streets for laying down and maintaining pipes was held a franchise in *San Jose Gas Co.* v. *January,* 57 Cal. 614.

704

(See, also, *Stockton Gas & Electric Co.* v. *San Joaquin Co.*, 148 Cal. 313 [83 Pac. 54, 7 Ann. Cas. 511, 5 L. R. A. (N. S.) 174] ; *Clark* v. *Los Angeles,* 160 Cal. 30 [116 Pac. 722].) The right granted to telephone and telegraph companies by Civil Code, section 536, to maintain pole lines on highways was held a franchise in *Western Union Tel. Co.* v. *Hopkins,* 160 Cal. 106 [116 Pac. 557] ; *Sunset Tel. & Tel Co.* v. *Pasadena,* 161 Cal. 265 [118 Pac. 796] ; and *Postal Tel. & Cable Co.* v. *Los Angeles,* 164 Cal. 156 [128 Pac. 19]. The right granted to irrigation districts by a 1923 statute (Stats. 1923, p. 449) to use the streets and highways for power lines was held a franchise in *Winkie* v. *Turlock Irr. Dist.,* 24 Cal. App. (2d) 1 [74 Pac. (2d) 302]. In the present case the defendant's right of way in the state highway is likewise a franchise.

Section 680 provides that any *person* may be required by the Department of Public Works to move his pipeline. Section 19 of the same code defines a person as "any person, firm, partnership, association, corporation, organization, or business trust." Defendant contends, however, that section 680 cannot apply to it because it is a subdivision of the state. It is a well established doctrine that general words in a statute will not be construed to limit the otherwise valid power of the state or its subdivisions unless that result was specifically intended by the legislature. (*Butterworth* v. *Boyd,* 12 Cal. (2d) 140 [82 Pac. (2d) 434, 126 A. L. R. 838] ; *Balthasar* v. *Pacific Elec. Ry. Co.,* 187 Cal. 302 [202 Pac. 37, 19 A. L. R. 452] ; *Mayrhofer* v. *Board of Education,* 89 Cal. 110 [26 Pac. 646, 23 Am. St. Rep. 451] ; *Dollar Savings Bank* v. *United States,* 19 Wall. 227 (U. S. 1873) [22 L. Ed. 80].) Defendant derived its franchise by virtue of its existence as a subdivision of the state from the Statutes of 1911 and 1923, *supra.* These statutes confer upon it a right to maintain a pipeline along the streets and highways of the state only "in such manner as to afford security for life and property." Section 680 of the Streets and Highways Code gives the Department of Public Works the authority to require removal of a pipeline at the owner's expense when "necessary to insure the safety of the traveling public or to permit the improvement of the highway." It is clear that neither defendant nor any other municipal water district has the authority to maintain pipes on the highway in a position which does not afford security for life or property, and therefore that

the application of section 680 to municipal water districts would not result in a limitation upon their otherwise valid power, but would operate only to prevent them from exercising their franchises in a manner contrary to law. It is reasonable to assume that the legislature intended to provide some method for the enforcement of this restriction upon municipal water districts. Section 680 supplies the means for such enforcement. The most consistent interpretation of the section, therefore, is that the legislature intended to include municipal water districts within its application.

Defendant also contends that section 680 which refers only to pipe lines *upon* the state highway, does not apply to it because its own main is below the surface. Such a limited construction would be manifestly unreasonable. The word "upon" means not only "on top of" but also "in or into the position of being supported by . . . something." (Webster's New International Dictionary.) Article II, chapter 3, division 1 of the Streets and Highways Code, wherein section 680 appears, is concerned with the general subject of encroachments on state highways, and the last paragraph of section 680 refers to the pipe lines, telephone lines, etc., referred to in the earlier part of the section, as encroachments. Section 660 (b) of the Streets and Highways Code defines encroachments as including "any . . . pipe, pipe line . . . which is placed in, under or over any portion of the highway". Defendant's pipe line is thus clearly within the purview of section 680.

The final contention urged by defendant is that section 680 cannot make it bear the expense of relocating its own water main without violating the provisions of the state and federal Constitutions against impairing the obligation of contracts and taking property without due process of law. The United States Supreme Court has held that a municipal corporation whether acting in a so-called "governmental" capacity or "proprietary" capacity has no standing to invoke the impairment of contracts clause or the provisions of the Fourteenth Amendment of the United States Constitution in opposition to acts of the state legislature. (*Trenton* v. *New Jersey*, 262 U. S. 182 [43 Sup. Ct. 534, 67 L. Ed. 937] ; *Coleman* v. *Miller*, 307 U. S. 433 at 441 [59 Sup. Ct. 972, 83 L. Ed. 1385, 122 A. L. R. 695].) Whether or not the like guarantees in the California Constitution apply as between the

state and its subdivisions (cf. *Beverly Hills* v. *Los Angeles,* 175 Cal. 311 [165 Pac. 924]), the legislation here in question is clearly within that residuary power of the state to protect the health, safety, and morals of its inhabitants known as the "police power". ■ The determination of whether a statute constitutes a taking of property without due process of law or an impairment of the obligation of a contract consists in balancing the burden placed on the individual or corporation on the one hand against the benefit which will accrue to the public as a whole on the other. If the benefit to the public outweighs the burden on the individual, the statute is a valid exercise of the "police power". Section 680 requires the relocation of pipe lines only when necessary to permit the improvement of the highway or to insure the safety of the traveling public. The trial court found in the present case that the removal and relocation of defendant's main was necessary to insure the safety of the traveling public and to permit the construction of the highway. Defendant has not been deprived of its franchise; it has simply been required to bear the expense of removing its mains to a location on the highway consonant with public welfare. The benefit to the public as a whole thus clearly outweighs the burden imposed upon defendant, and the legislation is therefore valid. (*Merced Falls Gas & Elec. Co.* v. *Turner,* 2 Cal. App. 720 [84 Pac. 239]; *New Orleans Gaslight Co.* v. *Drainage Com.,* 197 U. S. 453 [25 Sup. Ct. 471, 49 L. Ed. 831].) Furthermore, the statutes of 1911 and 1923, upon which defendant relies to establish its right of way in the highway, grant the right to maintain a pipe line "in such manner as to afford security for life and property" (Stats. 1911, p. 1290), and thereby outlaw the maintenance of such pipe lines in a manner injurious to life or property.

The judgment is affirmed.

Edmonds, J., Curtis, J., and Shenk, J., concurred.

Appellant's petition for a rehearing was denied May 1, 1941.