[Civ. No. 21259. First Dist., Div. Three. Mar. 19, 1964.]

COUNTY OF CONTRA COSTA, Plaintiff and Respondent, v. CENTRAL CONTRA COSTA SANITARY DISTRICT, Defendant and Appellant.

Bohn & Williams, Charles J. Williams and Gerald F. Ellersdorfer for Defendant and Appellant.

John A. Nejedly, District Attorney, George W. McClure and Robert Brunsell, Deputy District Attorneys, for Plaintiff and Respondent.

DEVINE, J.—Central Contra Costa Sanitary District appeals from a judgment requiring it to pay the County of Contra Costa for relocation of sewerage facilities under county roads which were reconstructed, widened, realinged and changed in their grades. The county demanded that the district relocate its facilities and the district refused, whereupon the county did the work at a cost which is not disputed.

The roads are the Orinda Highway, which became a county highway in 1886 and has been maintained as such since then, and Rio Vista Road, a public road which was dedicated as a public road in 1927 by map, but has not been accepted by the county.

On April 12, 1948, the Board of Supervisors of Contra Costa County adopted a resolution granting its consent, pursuant to section 6540 of Health and Safety Code, to the construction of appellant district's facilities in roads, streets and public places under the jurisdiction of respondent county's board of supervisors. In 1949, appellant constructed and installed sewer lines, manholes and appurtenances in Orinda Highway and Rio Vista, pursuant to assessment district proceedings. The improvements were installed pursuant to section 6518 of Health and Safety Code.

The relocation and changes in the roads were directed by resolution of the board of supervisors in 1957.

Section 6518 of Health and Safety Code reads as follows: "It may lay its sewers and drains in any public street or road in the county, and for this purpose enter upon it and make all necessary and proper excavations, restoring it to proper condition. The work of restoring and repairing any such public street or road in the county shall be done under the supervision and control of the county engineer or road commissioner at the cost of the district, and in accordance with the standards established by ordinance of the board of supervisors for restoring and repairing county roads. If the street or road is in a city the consent of the proper city authorities shall first be obtained. If the street or road is in the unincorporated area of the county, the consent of the proper county authorities shall first be obtained." The last sentence of the section, requiring consent of the county, was added in 1953. (Stats. 1953, ch. 1568, p. 3247.)

It is appellant's contention that section 6518 is not merely a franchise, as held by respondent, but a grant of equal standing with that of the county to build and to relocate and reconstruct roads; wherefore, says appellant, the district

need not pay to have its facilities altered to conform to a change in the roads.

It is the law generally that the grantee of a franchise to use highways and the ground beneath them must bear the expenses of relocating its facilities when highway use makes this necessary. This is an implied obligation which the grantee of the franchise accepts. (*Southern Cal. Gas Co.* v. *City of Los Angeles*, 50 Cal.2d 713, 716 [329 P.2d 289]; *Los Angeles County Flood Control Dist.* v. *Southern Cal. Edison Co.*, 51 Cal.2d 331, 334 [333 P.2d 1]; *City of National City* v. *California Water & Tel. Co.*, 204 Cal.App.2d 540, 551 [22 Cal. Rptr. 560]; *Pacific Tel. & Tel. Co.* v. *City & County of San Francisco*, 197 Cal.App.2d 133, 154 [17 Cal.Rptr. 687]; 12 McQuillin, Municipal Corporations (3d ed.) § 34.72, pp. 240-242.) This principle has been applied where the grantee of the franchise is a publicly owned utility and as such is granted by statute (Pub.Util.Code, § 10101) the right to construct certain facilities appropriate to its operations under and on public roads and streets. (*East Bay Municipal Utility Dist.* v. *County of Contra Costa*, 200 Cal.App.2d 477 [19 Cal.Rptr. 506].) The same result had been reached in *State of California* v. *Marin Municipal Water Dist.*, 17 Cal.2d 699 [111 P.2d 651], but in the *Marin* case there was a special statute, section 680 of the Streets and Highways Code, which specifically requires the grantee of a franchise in a state highway to relocate facilities when highway safety or improvement requires, as determined by the Department of Public Works. The *Marin* case applied the statute to a public corporation holding a franchise; the *East Bay* case applied the general law relating to duties of the grantee of a franchise to a public corporation. (Section 680 of the Streets and Highways Code does not apply to county roads, but to state highways only.)

Appellant points out, however, that the grantee of the franchise in the *East Bay* case, the water district, was engaged in a merely proprietary use of the roads or streets, and that the court had said that "such a use must always give way before a proper governmental use of these streets by a political subdivision of the state" (200 Cal.App.2d at p. 481). Appellant contends that where both governmental units are engaged in a governmental function, the one, the building and maintaining of highways, and the other, the building and maintaining of a sewerage system, the latter is not the

mere grantee of a franchise, but is the holder of something more, a "grant"; but of what, appellant does not say.

In our opinion, it is not necessary to give a precise characterization of the right given by section 6518 of Health and Safety Code, whether it is a franchise or something else. Since the two functions, highways and sewers, are governmental ones, we need not be troubled with whatever distinctions between governmental and proprietary functions may exist in this field of law.

Nor do we think it necessary to weigh the respective dignities of the uses made by the parties of the roads and of their subsurface areas, as is suggested in respondent's brief. There does seem to be merit in respondent's argument that ordinary transportation can be accomplished only by a highway, while a sanitary district may construct its sewers either beneath a highway or elsewhere, and that the preferred use is that of transportation. We do not decide this, however. We place our decision on priority in time. If we regard the uses as equal, we find appropriate legislative expression, Civil Code section 3525, which reads: "Between rights otherwise equal, the earliest is preferred."

These roads existed long before the sewers were placed in them; they existed before the sanitary district was created; the Orinda Highway existed before sanitary districts were first made possible by legislation in 1891. (See *Guptill* v. *Kelsey,* 6 Cal.App. 35 [91 P. 409].)

It seems fair to consider that the district took the right granted under section 6518 of Health and Safety Code, whether that right is a franchise or not, subject to the same kind of implied obligation to relocate which exists in the franchise cases because of the senior rights of the county. Such implied obligation from the beginning obviates any impairment of obligation of a contract, which appellant claims has occurred, even if the state obligated itself contractually with the district, a question we need not discuss. Although the cost has been made necessary by the need for changing the road, it could have been anticipated by the district that changes might be required over the years.

In *County of Contra Costa* v. *Central Contra Costa Sanitary Dist.,* 182 Cal.App.2d 176 [5 Cal.Rptr. 783], the positions of the parties were exactly the opposite to their present ones: the sewer was laid first, the highway over it later. The

rule of priority in time was applied and expense of relocation was put upon the county.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied April 17, 1964, and appellant's petition for a hearing by the Supreme Court was denied May 13, 1964.