TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|                                   |   |                    |
|-----------------------------------|---|--------------------|
| OPINION                           | : |                    |
|                                   | : | No. 91-804         |
| of                                | : |                    |
|                                   | : |                    |
| DANIEL E. LUNGREN                 | : | April 14, 1992     |
| Attorney General                  | : |                    |
|                                   | : |                    |
| GREGORY L. GONOT                  | : |                    |
| Deputy Attorney General           | : |                    |
|                                   | : |                    |

---

THE HONORABLE M. J. HANNIGAN, COMMISSIONER OF THE CALIFORNIA HIGHWAY PATROL, has requested an opinion on the following question:

May a citation be issued to a county as the owner of a vehicle being operated by a county employee in a manner contrary to law?

CONCLUSION

A citation may be issued to a county as the owner of a vehicle being operated by a county employee in a manner contrary to law. However, the county may not be held liable if the driver or the person directing the operation of the vehicle is held solely responsible for the violation.

ANALYSIS

It is unlawful for the owner of a vehicle, or any other person employing or otherwise directing the driver of a vehicle, to cause the operation of the vehicle upon a highway in any manner contrary to law. Vehicle Code section 40001[1] provides:

"(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to cause the operation of the vehicle upon a highway in any manner contrary to law.

"(b) It is unlawful for an owner to request, cause, or permit the operation of any vehicle:

"(1) Which is not registered or for which any fee has not been paid under this code.

---

[1]All section references are to the Vehicle Code unless otherwise specified.

"(2) Which is not equipped as required in this code.

"(3) Which does not comply with the size, weight, or load provisions of this code.

"(4) Which does not comply with the regulations promulgated pursuant to this code, or with applicable city or county ordinances adopted pursuant to this code.

"(5) Which is not in compliance with the provisions of Part 5 (commencing with Section 43000) of Division 26 of the Health and Safety Code and the rules and regulations of the State Air Resources Board.

"(c) Whenever a violation is chargeable to the owner or lessee of a vehicle pursuant to subdivision (a) or (b), the driver shall not be arrested or cited for the violation unless the vehicle is registered in a state or country other than California, or unless the violation is for an offense that is clearly within the responsibility of the driver.

"(d) Whenever the owner or lessee is prosecuted for a violation pursuant to the provisions of this section the court, may, on the request of the owner or lessee, take appropriate steps to make the driver of the vehicle, or any other person who directs the loading, maintenance or operation of the vehicle, a codefendant. In the event the codefendant is held solely responsible and found guilty, the court may dismiss the charge against the owner or lessee."

Section 40001 thus allows the issuance of a citation to the owner of a vehicle who causes a violation of law when the offense is not clearly within the responsibility of the driver.

We are asked to determine whether a county, as the actual owner of a vehicle, may be charged with various violations of the Vehicle Code under the provisions of section 40001. As examples, the violations might be for transporting an uncovered load of aggregate material (§ 23114), in an overweight vehicle (§ 35550), with exhaust pipes mounted improperly (§ 27152). We conclude that a county may be so cited under the terms of section 40001.

Does the term "owner" in section 40001 include public entities such as a county? With respect to the general concept of "ownership" of vehicles, the court in *Sadberry* v. *Griffiths* (1961) 191 Cal.App.2d 610, 616, stated:

"Vehicle Code, section 66 (now § 460), defines an `owner' as a person having all the incidents of ownership, including legal title. Obviously `owner' is the broad and inclusive term. Depending upon the context of the discussion in which it is used, it may and often does include the `legal owner' defined by section 67 (now § 370), or `registered owner' defined by section 68 (now § 505)."

As explained by the Court of Appeal in *Martin* v. *State Farm Mutual Auto. Ins. Co.* (1962) 200 Cal.App.2d 459, 469:

"The word `owner,' as applied to motor vehicles, is commonly understood to designate the person in whom title is vested either as legal owner or as registered owner. [Citations.]"

Several statutes concern the ownership of vehicles for purposes of the Vehicle Code. Section 460 defines an "owner" as follows:

"An `owner' is a person having all the incidents of ownership, including the legal title of a vehicle whether or not such person lends, rents, or creates a security interest in the vehicle; the person entitled to the possession of a vehicle as the purchaser under a security agreement; or the State, or any county, city, district, or political subdivision of the State, or the United States, when entitled to the possession and use of a vehicle under a lease, lease-sale, or rental-purchase agreement for a period of 30 consecutive days or more."

Section 370 defines a "legal owner" as follows:

"A `legal owner' is a person holding a security interest in a vehicle which is subject to the provisions of the Uniform Commercial Code, or the lessor of a vehicle to the State or to any county, city, district, or political subdivision of the State, or to the United States, under a lease, lease-sale, or rental-purchase agreement which grants possession of the vehicle to the lessee for a period of 30 consecutive days or more."

Section 505 provides:

"A `registered owner' is a person registered by the department as the owner of a vehicle."

Publicly owned vehicles and their operators are expressly mentioned throughout and made subject to various requirements of the Vehicle Code. "Registration under this code shall apply to any vehicle owned by the United States government, the state, or any city, county, or political subdivision of the state . . . ." (§ 4155.) Public entities are exempt from the usual vehicle registration and licensing fees. (§§ 9101, 9103.) The statutory requirements for vehicle equipment (§§ 24000-28114, 29000-31540) are made applicable "to all vehicles whether publicly or privately owned when upon the highways, including all authorized emergency vehicles." (§ 24001.) Public entities are liable for injuries caused by their employees "in the operation of any motor vehicle." (§ 17001; see §§ 17002-17004.) The requirements applicable to the driving of vehicles apply equally to drivers "while engaged in the course of employment by this State, any political subdivision thereof, any municipal corporation, or any district, including authorized emergency vehicles subject to those exemptions granted such authorized emergency vehicles in this code." (§ 21052.)

In analyzing these various statutes so as to resolve the question presented, we are cognizant of several well established principles of statutory construction. As summarized by the Supreme Court in *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387:

"Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory

purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]"

We are also directed "to produce a reasonable result," while "avoiding those constructions which lead to mischief or absurdity." (*People* v. *Jeffers* (1987) 43 Cal.3d 984, 997-998.) Finally, special rules apply when considering whether governmental entities are to be included within the scope of a particular statute. In *City of Los Angeles* v. *City of San Fernando* (1975) 14 Cal.3d 199, 276-297, the Supreme Court observed:

"[I]n the absence of express words to the contrary, neither the state nor its subdivisions are included within the general words of a statute. [Citations.] But this rule excludes governmental agencies from the operation of general statutory provisions only if their inclusion would result in an infringement upon sovereign governmental powers. `Where . . . no impairment of sovereign powers would result, the reason underlying this rule of construction ceases to exist and the Legislature may properly be held to have intended that the statute apply to governmental bodies even though it used general statutory language only.' [Citations.]"

Pursuant to these latter principles, governmental entities have been held subject to legislation which by its terms applies simply to any "person." (*City of Los Angeles* v. *City of San Fernando, supra,* 14 Cal.3d 199, 277; *Bing* v. *City of Duarte* (1967) 65 Cal.2d 627, 631-632; *Flournoy* v. *State of California* (1962) 57 Cal. 2d 497, 498-499; *Hoyt* v. *Board of Civil Service Commrs.* (1956) 21 Cal. 2d 399, 402; *State of California* v. *Marin Mun. Water District* (1941) 17 Cal. 2d 699, 704-705; *Fair Political Practices Com.* v. *Suitee* (1979) 90 Cal.App.3d 125, 132-133; *Siegel* v. *City of Oakland* (1978) 79 Cal.App.3d 351, 356-357; *Estate of Cooke* (1976) 57 Cal.App.3d 595, 602; see also *Regents of University of California* v. *Superior Court* (1976) 17 Cal.3d 533, 536-537.)

For purposes of the Vehicle Code, a "person" is defined in section 470 as follows: "`Person' includes a natural person, firm, copartnership, association, or corporation." We have previously determined, after applying the governing principles of statutory construction, that a "person" (§ 470) includes a public entity. (64 Ops.Cal.Atty.Gen. 94, 102-103 (1981) [state legislative committee is a "person" under section 470].) Accordingly, a county would be a "person" (§ 470) and thus an "owner" (§ 460), a "registered owner" (§ 505), and an "owner" (§ 40001) when it has all the incidents of ownership, including legal title, and is registered with the Department of Motor Vehicles as the registered owner.

We reject the suggestion that a public agency is an owner of a vehicle only when it leases the vehicle for "30 consecutive days or more." (§ 460.) This statutory language regarding leases is traceable back to 1940. (Stats. 1941, First Ex. Sess. 1940, ch. 1, § 1.) It is apparent that the language was intended to expand the definition of "owner" to cover public entities when they did not actually own but merely leased a vehicle.[2] It was not intended to cover solely their leased vehicles to the exclusion of their other vehicles in which they had all the incidents of ownership, including legal title. If a public agency is not the "owner" (§ 460) when it has all the incidents of ownership, then the vehicle would have no owner for purposes of the Vehicle Code. Such construction of section 460 would "lead to mischief and absurdity" (*People* v. *Jeffers, supra,* 43 Cal.3d at 998) and impermissibly conflict with the other statutory provisions, notably section 505. Surely the Legislature intended public entities to be considered the owners of vehicles they actually own if they are so considered when they merely lease vehicles.

---

[2]Under the 1940 legislative amendment, a political entity was considered the owner when it leased the vehicle "for a period of twelve months or more."

Returning to section 40001, then, we find that its apparent purpose is to create accountability on the part of those who, because they employ or direct drivers, exercise a significant degree of control over the operation of vehicles on the public highways and are in the best position to ensure that the laws pertaining to vehicular fitness are observed. The statute on its face does not exempt any classification of employer. Except where the offense "is clearly within the responsibility of the driver," the "owner" or "other person" who employs or directs the driver may be held accountable. Subdivision (d) of the statute, however, allows the vehicle owner to shift responsibility back to the driver or to the "person who directs the loading, maintenance or operation of the vehicle" if so warranted. Taken as a whole, we find that section 40001 may be applied to public entities as the owners of vehicles, as when they have all the incidents of ownership, including legal title.

Although public entities are not commonly thought of in terms of being a defendant in a criminal action, there is precedent for this particular type of prosecution. For example, under the Hazardous Waste Control Act (Health & Saf. Code, § 25100 et seq.), a $25,000 per day fine and imprisonment in the county jail may be imposed on the owner of a vehicle who engages in the transportation of hazardous waste without a valid registration issued by the Department of Health Services. Cities and counties have been subjected to the payment of fines under this statutory scheme. The issue here is the same; county funds may be required to pay the fine for the citation issued rather than the county employee who happens to be the vehicle driver.

Given all of the foregoing circumstances, we conclude that a citation may be issued under the terms of section 40001 to a county as the owner of a vehicle being operated by a county employee in a manner contrary to law. However, the county will not be held liable if the driver or the person directing the operation of the vehicle is held solely responsible for the violation.

* * * * *